■ In the Matter of STEPHEN ROSENBAUM, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.— Determination of the respondent Secretary of State dated December 23, 1974, revoking the real estate broker's license of petitioner, unanimously annulled, on the law, without costs and without disbursements, and the petition granted. The petitioner, Stephen Rosenbaum, a licensed real estate broker and an officer of Springfield Equities, Ltd., was alleged to have demonstrated untrustworthiness sufficient to warrant revocation of his license pursuant to section 441-c of the Real Property Law. The three specific charges leveled against the petitioner involved three separate properties. As to each of the properties, Springfield processed the mortgage application forms and granted loans on the properties, which loans were insured by the Federal Housing Administration (FHA). There were defaults in payment of the mortgage loans outstanding on each of the properties. As to the Carroll Street and Remington Avenue properties, it is alleged that Springfield failed to verify adequately the credit information of the prospective mortgagors. Closer review and verification of the applications would have revealed that the statements made regarding employment of the applicants were fraudulent. As to the Hinsdale property, it is alleged that Springfield improperly retained a $1,500 escrow fund, which fund was set aside pending the curing of certain violations on that property. The violations have not been cured and Springfield still holds the fund. Springfield, in processing applications, sent the forms of prospective applicants to credit-reporting agencies, which agencies were approved by the FHA for that purpose. When the verifications were returned, and the FHA approved the application, the closings would take place. There was no evidence adduced that Springfield did not submit papers which were required by the FHA or that it fraudulently prepared them. Nor was it alleged or proven that the FHA required verifications in addition to those obtained from approved credit-checking agencies. We find, therefore, that there was insufficient evidence adduced to show that Rosenbaum as an officer of Springfield demonstrated untrustworthiness within the intendment of article 12-A of the Real Property Law. Similarly, there is no evidence that the violations on the Hinsdale property have been cured, and therefore the continued maintenance of the escrow fund by Springfield cannot be considered as evidence of untrustworthiness. We must conclude, therefore, that, on the record before the court, there was no "substantial evidence" submitted to warrant a finding of untrustworthiness as to this petitioner, and accordingly we have

granted the relief sought in the petition. Concur—Murphy, Capozzoli and Lane, JJ.; Kupferman, J. P., and Silverman, J., concur in the following memorandum: Kupferman, J. P., and Silverman, J. (concurring). We do not exclude the right of the Secretary of State to revoke the license of a broker who is a principal or an executive in a brokerage organization for insufficient supervision to prevent improper activities by his organization and his staff, even though the principal or executive may not have personal knowledge of particular improprieties. However in the present case, with a claim of improprieties in three out of two thousand cases, we agree that there is not substantial evidence to show even insufficient supervision.